UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL No. 2327 |
| THIS DOCUMENT RELATES TO ALL CASES | JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

**PRETRIAL ORDER # 63**
**AGREED ORDER AND STIPULATION REGARDING**
**CORPORATE STRUCTURE AND RELATED ISSUES**

Plaintiffs and Defendants Ethicon, Inc. ("Ethicon") and Johnson & Johnson ("J&J") (collectively, "Defendants") have advised the Court that they desire to enter into a stipulation concerning issues of corporate structure and discovery regarding same. The parties stipulate and agree as follows:

1. For purposes of this case only, In re Ethicon, Inc., Pelvic Repair System Products Liability Litigation, MDL No. 2327, and for any individual case or cases that are, become, or at one time were, included in MDL No. 2327, Defendants will not object to the names of both "Ethicon" and "Johnson & Johnson" being placed on the jury verdict form together as "Ethicon/Johnson & Johnson," such that the jury will return only a single verdict enforceable against either or both Defendants.

2. In the event of a punitive damages phase, and for purposes of this case only, In re Ethicon, Inc., Pelvic Repair System Products Liability Litigation, MDL No. 2327, and for any individual case or cases that are, become, or at one time were, included in MDL No. 2327, Defendants will likewise not object to the names of both Ethicon and Johnson & Johnson being

placed on the jury verdict form together as "Ethicon/Johnson & Johnson," such that the jury will return only a single verdict enforceable against either or both Defendants.

3. Finally, in the event of a punitive damages phase, and for purposes of this case only, In re Ethicon, Inc., Pelvic Repair System Products Liability Litigation, MDL No. 2327, and for any individual case or cases that are, become, or at one time were, included in MDL No. 2327, Defendants will not object to Plaintiffs' use of evidence of Johnson & Johnson's financial condition on the sole basis that it reflects the financial condition of Johnson & Johnson, rather than Ethicon; however, Defendants reserve all objections to and arguments against the use of any such evidence that may be available to Defendants under applicable state and federal law. This includes, but is not limited to, Defendants' introduction of evidence of sales of the products in issue and the net worth of Gynecare/EWHU and/or Ethicon and to argue that such evidence is a more appropriate factor to consider than the sales or net worth of Johnson & Johnson or other figures plaintiffs may proffer.

4. Defendants' agreement not to assert the objections referenced in Paragraphs 1, 2 and 3 above is based upon the law, the facts, and the circumstances pertinent to these particular cases at this particular time, including, but not limited to choice of law and witness availability issues. By agreeing to forego these objections in these cases only, Defendants are not stipulating or admitting that either the law or facts would support a finding of joint and several liability between Ethicon and Johnson & Johnson in In re Ethicon, Inc., Pelvic Repair System Products Liability Litigation, MDL No. 2327, or in any individual case or cases that are, become, or at one time were, included in MDL No. 2327, or in any other case.

5. The fact that this stipulation has been entered shall not bind or restrict Defendants in any other case, nor shall it be read to the jury, discussed or introduced into evidence in these or any other cases.

6. Defendants agree that Ethicon is a proper party defendant in In re Ethicon, Inc., Pelvic Repair System Products Liability Litigation, MDL No. 2327, and in any individual case or cases that are, become, or at one time were, included in MDL No. 2327, and that any verdict in this case could have been rendered for or against Ethicon whether or not Johnson & Johnson was a defendant or party to these actions; provided however, that nothing in this Agreed Order and Stipulation operates as a waiver of any of Defendants' defenses or arguments, nor shall it preclude Defendants from seeking dismissal or other relief based on facts demonstrating that they are not proper parties in any individual case or cases that are, become, or at one time were, included in MDL No. 2327.

7. The parties agree and stipulate that there will be no further discovery related to the corporate structure of Johnson & Johnson; Ethicon, Inc.; Ethicon LLC; or any other Johnson & Johnson-related entity; or their relationships to each other, except that which relates to the manufacturing of the products in issue;

8. The parties agree and stipulate that there will be no further depositions of any high-level, or "apex," corporate executives of any Johnson & Johnson affiliated entity, including but not limited to William Weldon, Sheri McCoy, Gary Pruden, and Alex Gorsky; Plaintiffs, however, may seek such a deposition limited to issues other than corporate separateness upon a showing of good cause to the Court based solely upon newly produced documents or information, and Defendants reserve the right to oppose any such depositions (if Plaintiffs

request or have requested the deposition of a high-level executive that Defendants believe falls within this category, Defendants will notify Plaintiffs in writing of Defendants' position);

9.   The parties agree and stipulate that there will be no effort to call any "apex" witness live to testify at any trial, regardless of the venue in which that trial may be held;

10.   The parties agree and stipulate that Johnson & Johnson and Ethicon, Inc. will be the only Defendants listed on any verdict form or judgment; and

11.   The parties agree and stipulate that there will be no attempt to name additional Johnson & Johnson affiliated Defendants in the MDL proceedings.

It is so **ORDERED**.

The Court hereby accepts the stipulation of the parties.  The court **DIRECTS** the Clerk to file a copy of this order in 2:12-md-2327 and it shall apply to each member related case previously transferred to, removed to, or filed in this district, which includes counsel in all member cases up to and including civil action number 2:13-cv-20996. In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court. The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

ENTER: August 27, 2013

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

4

APPROVED:

/s/Bryan F. Aylstock

/s/Tom P. Cartmell

/s/D. Renee Baggett

ATTORNEYS FOR PLAINTIFFS


/s/Christy D. Jones

/s/David Thomas

ATTORNEYS FOR ETHICON, INC.
AND JOHNSON & JOHNSON